UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-30-DCR-05 |
| | ) | |
| V. | ) | |
| | ) | |
| STEVEN N. DAVIDSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 24, 2014, Defendant Steven Davidson moved the Court to modify or reduce his sentence based on recent changes in the drug quantity tables used to calculate guideline ranges for certain drug offenses under the United States Sentencing Guidelines ("U.S.S.G"). [Record No. 981] Having reviewed Davidson's motion and the record, the undersigned finds that a reduction of the defendant's sentence is wholly unwarranted under the circumstances outlined below.[1]

Davidson is currently serving a term of imprisonment of 151 months following his conviction of conspiring to distribute and possessing with intent to distribute marijuana, cocaine, and methamphetamine (in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)), distributing marijuana within 1,000 feet of a school, and associated firearm

---

[1] The Court previously considered and denied the defendant's request for the appointment of counsel. [Record No. 980] Further, this matter need not be scheduled for a hearing to resolve the defendant's motion. There is no constitutional right to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

offenses. Davidson entered a guilty plea on October 27, 2005, pursuant to a written Plea Agreement. [Record No. 678] In relevant part, that agreement provides:

> (a) The defendant, Steven Neal Davidson, during dates charged in the indictment conspired with those listed in the indictment to possess with intent to distribute and to distribute over 5 kilograms of cocaine, over 500 grams of methamphetamine and over 1,000 kilograms of marijuana. During the course of the investigation by the FBI, the defendant assisted Kenneth Day in selling to a confidential informant approximately 40 ounces of cocaine and 19 ½ pounds of marijuana. [. . .] The agents conducted a search of the defendant's residence and recovered numerous firearms as listed in the indictment which were possessed by the defendant. The firearms were manufactured outside the State of Kentucky and the defendant was a prohibited person due to his use and abuse of marijuana. Cooperating witnesses will testify that the defendant assisted Terry Holland and Kenneth Day in the possession and distribution of approximately 4,000 pounds of marijuana, 5 pounds of methamphetamine and 35-40 kilograms of cocaine during the time of the conspiracy. [. . .] On November 24, 2004, the defendant, Steven Davidson, aided and abetted James Henry Davidson, Jr. and Terry Holland in the distribution of a quantity of marijuana from the residence of James Henry Davidson, Jr. [. . .] [The defendant] was used in the day to day operation of the drug business and frequently weighed, sampled, and delivered quantities of cocaine and marijuana from hidden areas on the property and picked up marijuana [. . .] .
>
> (b) On or about July 15, 2005, the FBI and Kentucky State Police conducted a second search of the premises of the defendant, Steven Neal Davidson, and discovered a large cylinder which contained approximately 4 pounds of methamphetamine and a quantity of narcotic pills.

[Record No. 678] This was an extensive drug conspiracy. Davidson was responsible for a marijuana equivalency of between 10,974.84 and 11,074.84 kilograms.

As indicated in his Presentence Investigation Report ("PSR"), Davidson's Adjusted Offense Level was 36. However, his Total Offense Level was reduced to 33, based on a three-level reduction for acceptance of responsibility. Combined with Criminal History Category II, the non-binding range for imprisonment was 151 to 188 months. Ultimately, the Court determined that a term of 151 months of imprisonment was sufficient, but not greater than necessary, to meet the goals of sentencing under 18 U.S.C. § 3553(a). [Record No. 679]

Davidson's ultimate sentence reflects a reduction for cooperation with the United States. *See* U.S.S.G. § 5K.1.1 and 18 U.S.C. § 3553(e). [Record Nos. 578, 677] Therefore, in reviewing the present motion, this Court must determine whether the facts of the case and all relevant factors of 18 U.S.C. § 3553 warrant a further reduction. In making this determination, the Court considers *inter alia* the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from future crimes by the defendant. *See* 18 U.S.C. §§ 3553, 3582.

Davidson's PSR indicates a history of drug trafficking and violence stretching back to 1993. By the time he was sentenced for the current offense, Davidson was responsible for trafficking historic amounts of drugs. The 151-month sentence imposed was (and is) appropriate under the circumstances. Where, as here, the Court has previously considered the relevant factors under § 3553 in imposing an appropriate sentence, a subsequent amendment to the drug quantity tables does not necessarily alter the Court's original analysis. While the Court has discretion to reduce Davidson's sentence based on the recent amendment, the undersigned finds that a reduced sentence is unwarranted under the facts presented. A review of the severity of Davidson's criminal conduct and the remaining relevant factors suggests that a lesser term of incarceration would not serve as sufficient general or specific deterrence. Accordingly, it is hereby

**ORDERED** that Defendant Steven Davidson's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 981] is **DENIED**.

This 25th day of November, 2014.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge